```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

LEAF FUNDING, INC.,              :
                                 :
         Plaintiff,              :    NO:  1:08-CV-00535
                                 :
     v.                          :
                                 :    **OPINION AND ORDER**
DONALD R. BLOOM,                 :
                                 :
         Defendant.              :


This matter is before the Court on Plaintiff's Motion for Summary Judgment (doc. 10). Defendant filed no Response in Opposition. The Court finds the facts as stated by Plaintiff uncontroverted and true, and concludes Plaintiff is entitled to judgment as a matter of law.

**I. Background**

Plaintiff LEAF Funding, Inc., ("LEAF") seeks to collect $1,048,630.28 plus interest and attorneys' fees on its claim for money judgment on two personal guarantees made by Defendant Donald R. Bloom ("Bloom") (doc. 10). Bloom, who served as President of AFM Dry Ridge 106, Inc., Ohio Valley AFM, Inc., AFM 29127, Inc., AFM 29114, Inc., AFM 29137, Inc. ("the AFM Borrowers), Ohio Valley AFM, Inc., Bopec Enterprises, Inc., and AFM 29112, Inc., entered into a financing agreeement ("Financing Agreement No. 1") with NetBank Business Finance ("Netbank") on December 17, 2004 on behalf of the AMF Borrowers (Id.). On December 22, 2005, Bloom did the same on behalf of Ohio Valley AFM. Inc., Bopec Enterprises, Inc., and AFM 29112, Inc. ("Financing Agreement No. 2")(Id.).

Netbank secured its loans to the borrowers through personal guarantees that Bloom executed, personally and unconditionally guaranteeing all payments and obligations owed to Netbank under both financing agreements (Id.). Plaintiff LEAF acquired the Netbank's interest in the financing agreements and guarantees, after the Federal Deposit Insurance Corporation took control of the assets and business of Netbank in October 2007, and conducted a loan pool sale of Netbank's assets, which included the agreements and guarantees (Id.).

The borrowers have defaulted on their obligations to repay LEAF amounts owed under the agreements (Id.). Bloom's guarantees allow for LEAF to proceed directly against him without notice of acceleration, notice of default, and without proceeding first against the debtor, the collateral, or other Guarantors (Id.).

LEAF proffers an affidavit, prepared by Steven Jandron, ("Jandron"), a Recovery/Legal Manager for LEAF Specialty Finance, a LEAF affiliate (Id.). Jandron indicates that as of May 29, 2009, the total amount owed under Financial Agreement No. 1 is a principal balance of $439,989.49, $155,208.51 in accrued interest, per diem interest of $249.53 accruing after May 29, 2009, and reasonable attorneys' fees (Id.). As for Financial Agreement No. 2, Jandron indicates a principal balance owed of $346,995.10, $106,437.18 in accrued interest, per diem interest of $171.12 accruing after May 29, 2009, and reasonable attorneys' fees (Id.).

As such, LEAF avers that Bloom owes it such amounts under his guarantees (Id.).

**II. Analysis**

**A. The Summary Judgment Standard**

A grant of summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Fatton v. Bearden, 8 F.3d. 343, 346 (6th Cir. 1993), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242 251-252 (1986) (internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying

those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Garino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1982); Street v. J.C.D. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Shaeffer & Ebeling Co. L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. at 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."

4

Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating

that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

**B. Discussion**

LEAF has clearly met its initial burden of showing no genuine issue of material fact that Bloom owes it the defaulted amounts it seeks under the guarantees he executed. Matsushita, 475 U.S. at 587. LEAF proffers the agreements, the guarantees, and Jandron's affidavit in support of its position. Defendant Bloom has in no way responded to LEAF's motion, as he is required to do, so as to raise any defense or defeat the properly supported motion for summary judgment. In re Dollar Corp., 25 F.3d 1320, 1322-23 (6th Cir. 1994). As such the Court is left with no alternative but to assume the facts as proffered by LEAF are uncontroverted and true. Under these circumstances the Court concludes that LEAF is entitled to summary judgment.

**III. Conclusion**

Having reviewed this matter, the Court finds no genuine issue of material fact, and concludes Plaintiff is entitled to judgment as a matter of law on its claim against Defendant for the amount he owes on the two financing agreements, plus interest. Accordingly, the Court GRANTS Plaintiff's Motion for Summary

Judgment (doc. 10), GRANTS Plaintiff money judgment on the two personal guarantees executed by Defendant Donald R. Bloom, and AWARDS Plaintiff judgment in the amount of $1,048,630.28, plus per diem interest of $420.65 after May 29, 2009, and reasonable attorneys' fees.

SO ORDERED.

Dated: July 14, 2009         /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge